2023 JAN 20 AM 10: 02

FILED
DAVID B WADSWORTH
MEDINA COUNTY
CLERK OF COURTS

# IN THE COURT OF COMMON PLEAS
## MEDINA COUNTY, OHIO

**REBECCA HUFF**
2332 Century Point Lane, Apt. D
Glendale Heights, IL 60139

    Plaintiff,

v.

**THE MEDINA FARMERS EXCHANGE COMPANY**
650 W Smith, Suite 6
Medina, OH 44256

also served at:

320 S Court St
Medina, OH 44256

and

**JAMES ALLEN DUFFY**
650 W Smith, Suite 6
Medina, OH 44256

also served at:

320 S Court St
Medina, OH 44256

and

**CORNERSTONE INNOVATIONS, INC.
dba DIVERSIFIED EMPLOYEE SOLUTIONS**
3745 Medina Road
Medina, OH 44256

    Defendants.

CASE NO.: **23CIV0056**
JUDGE: **WILLIAM F. HUTSON, JUDGE**

**COMPLAINT**
(with jury demand)

1

Now comes Plaintiff Rebecca Huff, by and through undersigned counsel, and for her Complaint, states and alleges as following:

## THE PARTIES

1. Plaintiff Rebecca Huff ("Plaintiff") is an individual residing at 2332 Century Point Lane, Apt. D, Glendale Heights, IL 60139.

2. Defendant The Medina Farmers Exchange Company ("Defendant MFE") is a corporation registered and doing business in the State of Ohio, whose principal place of business is located at 650 W Smith, Suite 6, Medina, Ohio 44256.

3. Defendant James Allen Duffy ("Defendant Duffy") is the president, shareholder, and employee of Defendant MFE, whose principal place of business is located at 650 W Smith, Suite 6, Medina, Ohio 44256.

4. Defendant Diversified Employee Solutions ("Defendant DES") is a corporation registered and doing business in the State of Ohio, whose principal place of business is located at 3745 Medina Road, Medina, Ohio 44256.

## VENUE AND JURISDICTION

5. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., R.C. §4112 et seq. and well-established case law.

6. Venue is proper in the Medina County Court of Common Pleas, as the events giving rise to this claim arose in Medina County.

7. This Court has subject matter and personal jurisdiction over the Defendants.

8. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission and is timely commencing suit pursuant to said Notice.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed with Defendant MFE, from December 28, 2018 until she was constructively discharged from her position on or about August 10, 2020.

10. The Defendants at all times herein had the duty and authority to manage, supervise, and ensure the proper treatment of Defendant MFE's employees.
11. Defendant MFE at all times acted through its agents, Defendant Duffy and Defendant DES.
12. At all relevant times herein, Defendant Duffy was a supervisor of Plaintiff.
13. At all relevant times herein, Defendant DES provided HR functions for Defendant MFE.
14. At all relevant times herein, Defendants DES and MFE were both "employers" of Plaintiff.
15. Plaintiff is a Muslim woman.
16. At all relevant times herein, Defendants knew Plaintiff was Muslim.
17. Throughout her employment, Defendant Duffy had subjected Plaintiff to serious and pervasive discrimination and retaliation related to her gender, pregnancy, and religion.
18. During Plaintiff's employment, Defendant MFE outsourced all HR related functions to Defendant DES, which fielded multiple complaints by Plaintiff against Defendants MFE and JAD.
19. Unfortunately, Defendant DES not only failed to intervene regarding these complaints but furthered the discriminatory acts by rebuking Plaintiff for reporting these acts.
20. In or about December 29, 2018, on Plaintiff's second day of employment, Defendant Duffy stated to a male customer, "I left this gorgeous woman her to take advantage of you," referencing Plaintiff.
21. Furthermore, in response to Plaintiff's daughter's experiencing a tragic sexual assault, Defendant Duffy told Plaintiff, "How do you know this happened. A lot of these girls do things and don't tell the truth about it."
22. Defendant Duffy had continued to make sexually explicit jokes about Plaintiff throughout her employment, including sexual innuendos regarding her relationship with

3

a Muslim Imam; including but not limited to comments such as, Plaintiff and the Imam were, "moving and shaking ('sheiking') in bed."

23. Throughout her employment, Defendant Duffy constantly had made sexually explicit jokes about Plaintiff in her presence.

24. Defendant Duffy further joked about bombing Muslim nations to Plaintiff and others in her presence, stating that Muslim lands should be bombed until they are "turned to glass."

25. In or about January 2020, Plaintiff informed Defendant Duffy that she was pregnant.

26. In response, Defendant Duffy became angry and stated, "I really hope you are kidding me" and that Plaintiff's pregnancy was "not conductive to my business" and "this is not going to work." Defendant Duffy then threw papers at Plaintiff and walked away, slamming doors behind him for the remainder of the day.

27. When Plaintiff stated that she would utilize accrued vacation time for her pregnancy and childbirth, Defendant Duffy indicated she would not receive her vacation time because, "I never promised vacation time to you in writing," despite promising her vacation time.

28. Immediately after Defendant Duffy learned of Plaintiff's pregnancy, he took her off salary, placed her on an hourly arrangement, and significantly reduced her hours.

29. Yet, Plaintiff was still required to field phone calls and perform other duties from home without pay.

30. A few months later, when Plaintiff informed Defendant Duffy that she suffered a miscarriage, he laughed and stated, "guess you'll have to try again."

31. During late July 2020, Plaintiff suspected that she had been infected with COVID-19, and as a result, was forced to take time off.

32. During early August 2020, Plaintiff expressed concern that Defendants were not adhering to the Governor's order pertaining to the wearing of masks and distancing at

4

work due to COVID-19 and requested reassurance that Defendants would abide by the law, which she never received.

33. During this time, Plaintiff also indicated she wished to utilize her paid time off for her sick days, and Defendant DES' representative, Stefanie Postek, responded that Defendant MFE would pay Plaintiff her paid time off in her following paycheck.

34. Unfortunately, after previously promising to do so, Defendant MFE refused to pay Plaintiff.

35. Although Plaintiff constantly complained to Defendant DES regarding the harassment, discrimination, and pay issue she had experienced, Defendants DES and MFE never addressed her concerns.

36. As a result, in or about August 10, 2020, the constant harassment and discrimination became so intolerable that Plaintiff terminated her employment, and was therefore constructively discharged from Defendant MFE.

37. After Plaintiff's constructive discharge, Defendant MFE refused to pay her after previously promising to do so. Therefore, Plaintiff lost 80 hours' worth of pay.

38. Defendant Duffy aided and abetted Defendants' discriminatory practices as outlined herein.

39. At all relevant times herein, Defendant DES is a joint-employer of Plaintiff, as Defendant DES exerted a high degree of control over Defendant MFE's HR operations, while actively overseeing, encouraging, and implementing Defendant MFE's policies, actions, and functions.

40. As a direct and proximate result of the Defendants' treatment of Plaintiff, Plaintiff has suffered gender, religious, and pregnancy-based discrimination, harassment, and retaliation.

**COUNT ONE: RELIGIOUS DISCRIMINATION- HOSTILE WORK ENVIRONMENT**

41. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.

5

42. Throughout Plaintiff's employment, Defendant Duffy subjected Plaintiff to discrimination due to Plaintiff's Islamic faith.

43. The discrimination was sufficiently, severe, and pervasive enough to harm the terms, conditions, and privileges of Plaintiff's employment.

44. Plaintiff endured insult and ridicule as a result of the discrimination.

45. Defendants MFE and DES are liable for the hostile work environment created by Defendant Duffy pursuant to the doctrine of *respondeat superior*.

46. Plaintiff continuously told Defendants that the harassment to which she was being subjected was unwelcome and requested that it cease, to no avail. In fact, all of the Defendants aided and abetted said harassment.

47. As a direct and proximate result of the hostile work environment created by Defendants, Plaintiff has suffered significant losses, including, but not limited to, stress, humiliation, loss of reputation, emotional damages, lost earnings and earning capacity, and irreparable harm to her professional career.

48. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

**COUNT TWO: GENDER DISCRIMINATION- HOSTILE WORK ENVIRONMENT**

49. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.

50. Throughout Plaintiff's employment, Defendant Duffy subjected Plaintiff to discrimination due to Plaintiff's gender.

51. The discrimination was sufficiently, severe, and pervasive enough to harm the terms, conditions, and privileges of Plaintiff's employment.

52. Plaintiff endured insult and ridicule as a result of the discrimination.

53. Defendants MFE and DES are liable for the hostile work environment created by Defendant Duffy pursuant to the doctrine of *respondeat superior*.

54. Plaintiff continuously told Defendants that the harassment to which she was being subjected was unwelcome and requested that it cease, to no avail. In fact, all of the Defendants aided and abetted said harassment.

55. As a direct and proximate result of the hostile work environment created by Defendants, Plaintiff has suffered significant losses, including, but not limited to, stress, humiliation, loss of reputation, emotional damages, lost earnings and earning capacity, and irreparable harm to her professional career.

56. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

### COUNT THREE: PREGNANCY DISCRIMINATION- HOSTILE WORK ENVIRONMENT

57. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.

58. Throughout Plaintiff's employment, Defendant Duffy subjected Plaintiff to discrimination due to Plaintiff's pregnancy.

59. The discrimination was sufficiently, severe, and pervasive enough to harm the terms, conditions, and privileges of Plaintiff's employment.

60. Plaintiff endured insult and ridicule as a result of the discrimination.

61. Defendants MFE and DES are liable for the hostile work environment created by Defendant Duffy pursuant to the doctrine of *respondeat superior*.

7

62. Plaintiff continuously told Defendants that the harassment to which she was being subjected was unwelcome and requested that it cease, to no avail. In fact, all of the Defendants aided and abetted said harassment.

63. As a direct and proximate result of the hostile work environment created by Defendants, Plaintiff has suffered significant losses, including, but not limited to, stress, humiliation, loss of reputation, emotional damages, lost earnings and earning capacity, and irreparable harm to her professional career.

64. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

### COUNT FOUR: WRONGFUL DISCHARGE BASED ON RELIGIOUS DISCRIMINATION

65. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.

66. Defendants had knowledge that Plaintiff is a Muslim during her employment.

67. Plaintiff was subjected to religious based discrimination throughout her employment.

68. Plaintiff continuously told Defendants that the religious harassment to which she was being subjected was unwelcome and requested that it cease, to no avail. In fact, all of the Defendants aided and abetted said harassment.

69. The harassment was sufficiently severe or pervasive enough to make working conditions so intolerable that a reasonable person under the same circumstances would have felt compelled to resign.

70. Plaintiff was compelled to resign due to the pervasive harassment and discrimination.

71. Throughout her employment, Plaintiff was treated less favorably than similarly situated non-Muslim employees because of her Muslim faith.

8

72. Defendant Duffy subjected Plaintiff to religious-based discrimination that was so egregious that Plaintiff was forced to sever the employment relationship involuntarily due to the pervasive harassment and discrimination.

73. Defendants MFE and DES are liable for Defendant Duffy's religious based discrimination against Plaintiff pursuant to the doctrine of *respondeat superior*.

74. As a direct and proximate result of the Defendants' religious discrimination of Plaintiff, Plaintiff has suffered significant losses, including, but not limited to, stress, humiliation, loss of reputation, emotional damages, lost earnings and earning capacity, and irreparable harm to her professional career.

75. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

**COUNT FIVE: WRONGFUL DISCHARGE BASED ON GENDER DISCRIMINATION**

76. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.

77. Plaintiff was subjected to gender-based discrimination throughout her employment.

78. Plaintiff continuously told Defendants DES and Duffy that the gender harassment to which she was being subjected was unwelcome and requested that it cease.

79. The harassment was sufficiently severe or pervasive enough to make working conditions so intolerable that a reasonable person under the same circumstances would have felt compelled to resign.

80. Plaintiff was compelled to resign due to the pervasive harassment and discrimination.

81. Defendant Duffy subjected Plaintiff to gender-based discrimination that was so egregious that Plaintiff was forced to sever the employment relationship involuntarily due to the pervasive harassment and discrimination.

82. Defendants MFE and DES are liable for Defendant Duffy's gender-based discrimination against Plaintiff pursuant to the doctrine of *respondeat superior*.
83. As a direct and proximate result of the Defendants' gender discrimination of Plaintiff, Plaintiff has suffered significant losses, including, but not limited to, stress, humiliation, loss of reputation, emotional damages, lost earnings and earning capacity, and irreparable harm to her professional career.
84. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

**COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

85. Plaintiff reavers all Paragraphs of Plaintiff's Complaint as if fully restated herein.
86. By continually subjecting Plaintiff to severe and pervasive discrimination and harassment, Defendants intentionally and recklessly caused Plaintiff severe emotional distress through extreme and outrageous conduct.
87. Defendants MFE and DES are liable for Defendant Duffy's acts pursuant to the doctrine of *respondeat* superior.
88. As a direct and proximate result of the Defendants' intentional infliction of emotional distress of Plaintiff, Plaintiff has suffered significant losses, including, but not limited to, stress, humiliation, loss of reputation, emotional damages, lost earnings and earning capacity, and irreparable harm to her professional career.
89. Each of the Defendants' conduct herein was taken in bad faith, wanton, reckless, malicious, intentional, willful, and with intent to persecute Plaintiff, and as a result, Plaintiff is entitled to attorney fees and punitive damages in such amounts as will

sufficiently punish Defendants for their willful and malicious conduct and as will serve as an example to prevent a repetition of such conduct in the future.

**WHEREFORE**, Plaintiff prays for the following against Defendants, jointly and severally:

1. Compensatory damages in excess of $25,000;
2. Punitive damages in the maximum amount permitted under Ohio law;
3. Plaintiff's attorney fees and costs of this action;
4. All damages and relief provided by 42 U.S.C. § 2000e, *et seq.* and R.C. §4112.02 *et seq.*;
5. Pre and post-judgment interest; and
6. Any other relief this Court deems appropriate.

Respectfully Submitted,

*/s/Ziad Tayeh*
Ziad Tayeh (0088027)
Tayeh Law Offices, LLC
22255 Center Ridge Road, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury with the maximum number of jurors permitted under Ohio law.

Respectfully Submitted,

*/s/Ziad Tayeh*
Ziad Tayeh (0088027)
Tayeh Law Offices, LLC
22255 Center Ridge Road, Suite 311
Rocky River, OH 44116
Phone: (440) 580-0365
Fax: (440) 359-8755
Email: info@Tayehlaw.com
Attorney for Plaintiff